UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KARLA WOOTEN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>KELLY WASKO, SDOC SECRETARY; IN INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY; AARON MILLER, WARDEN; IN INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY; RICKY DIXON, FLORIDA DOC SEC; IN INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY; AND DAN SHANNON, WDOC DIRECTOR; IN INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY;<br><br>　　　　　Defendants. | 4:25-CV-04043-CCT<br><br><br>**ORDER DENYING MOTION<br>TO APPOINT COUNSEL** |

Plaintiff, Karla Wooten, filed a pro se lawsuit alleging several civil rights violations under 42 U.S.C. § 1983. Docket 1. She now moves for appointment of counsel. Docket 9.

## DISCUSSION

Wooten moves to appoint counsel for the following reasons:

1. Plaintiff cannot afford to hire an Attorney and the issues in this case are complex and numerous.
2. Plaintiff's imprisonment as a Florida DOC Interstate Compact Inmate in the SDWP will severely limit her ability to litigate this case, as the Staff at the Facility has already caused her to miss 3 Federal Legal Deadlines

    and they have directly and indirectly impeded her access to the Court.[1]

  3. This case will involve a significant amount of discovery, depositions, and discovery from the Staff at the SDWP, WDOC, FDC, etc. The issues that are involved are numerous illegal 3rd Party PREA Retaliation transfers, violations and prejudicial deprivations of the Plaintiff's State and Federal Civil and Constitutional 1st, 5th, 6th, 8th, & 14th USCA Rights.

Docket 9 at 1.

  "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citing *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)). Under 28 U.S.C. § 1915(e)(1) "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts may appoint counsel, and the Eighth Circuit has acknowledged the "express authority of the district court to make such appointments." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984) (citing *White v. Walsh*, 649 F.2d 560, 563 (8th Cir. 1981)).

  In determining whether to appoint counsel to a pro se litigant in a civil case, the district court considers "the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present [her] claim." *Stevens*, 146 F.3d at 546 (citation omitted).

---

[1] Plaintiff includes additional language in paragraphs 1 and 2 of her motion that this court deems unrelated to her request for counsel.

In her original complaint, Wooten sets forth in detail the numerous civil rights violations she feels she has suffered. She has also filed an amended complaint, Docket 3, and a second amended complaint, Docket 8. Wooten also filed a motion for relief to enforce the DOC to pay the Plaintiff's filing fee and a motion for leave to proceed in forma pauperis. Dockets 5 and 6.[2] In Wooten's motion to appoint counsel she cites case law and provides information to this court regarding specific policies and procedures of the DOC. Docket 9. Wooten's filings thus far certainly show her ability to litigate her claims to this Court.

Considering these factors, the Court does not deem it necessary to appoint counsel at this stage in litigation. The Court is aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993) (citations omitted). Thus, Wooten's motion for the appointment of counsel, Docket 9, is denied.

## CONCLUSION

Based on the foregoing reasons, it is hereby

---

[2] Wooten's motion for leave to proceed in forma pauperis was denied as moot after she paid her filing fee on May 5, 2025. Docket 17.

ORDERED that Wooten's motion for the appointment of counsel (Docket 9) is denied without prejudice.

Dated May 29, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE