UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KARLA WOOTEN,<br><br>                    Plaintiff,<br><br>          vs.<br><br>KELLY[1] WASKO, SDOC Secretary, in<br>individual capacity; NICK LAMB,<br>Secretary of Corrections, in official<br>capacity; and AARON MILLER, Warden,<br>in individual capacity and official<br>capacity,<br><br>                    Defendants. | 4:25-CV-04043-CCT<br><br><br>**ORDER REGARDING<br>PENDING MOTIONS** |

Plaintiff, Karla Wooten, an inmate at the South Dakota Women's Prison, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Wooten paid the full $405 civil complaint filing fee. This Court screened Wooten's second amended complaint under 28 U.S.C. § 1915A. Docket 33. Two claims, against Defendants Wasko and Miller only, survived screening. *Id.* at 11–12, 17–19. The Court provided Wooten with notice under Federal Rule of Civil Procedure 4(m), informing her that the claims against Wasko and Miller would be dismissed if she did not serve each defendant by November 11, 2025. *See id.* at 29.

---

[1] In her complaint, Wooten listed this defendant's name as "Kelly Wasko[.]" Docket 8 at 1. This Court notes the correct spelling is Kellie Wasko. Wasko is no longer the Secretary of Corrections. In accordance with Federal Rule of Civil Procedure 25(d), Nick Lamb, Wasko's successor as the Secretary of Corrections, is substituted for Wasko on the official capacity claims.

I.    **Pending Motions**

A.    **Motion for Assistance with Service (Docket 46)**

Wooten filed a motion for assistance with service, Docket 46, stating that officials at the South Dakota Women's Prison ordered Sergeant Earl Holben, who oversees legal mail, "not to serve [Wooten's] lawsuits to the Defendant Prison Officials" even though Wooten alleges that South Dakota Department of Corrections (SDDOC) Legal – Service, Tracking, and Dissemination of Legal Documents Policy No. 1500-03 ("Policy No. 1500-03") provides that Holben must serve all DOC employees and officials. *Id.* at 1; *see also* Docket 46-1 at 7. Wooten alleges that these orders not to serve the defendants constitute "unconstitutional retaliation due to her filing this lawsuit, PREA Complaints and Grievances and also as an attempt to make the Plaintiff miss her Federal deadline on 11/13/2025[.]" Docket 46 at 1. Wooten provided copies of the summonses she requested service for.[2] Docket 46-1 at 8–23. On the summons Wooten attached for Miller, she states that the summons was "[g]iven to Sgt Earl Holben on 11/7/25 and he stated that Addyson Aguirre told him <u>not</u> to process the lawsuit to prevent service." *Id.* at 9 (emphasis in original).

---

[2] Based on the summonses Wooten attaches, it appears that she is attempting to serve individuals against whom claims were never brought, as well as individuals who had the claims against them dismissed during this Court's screening. *See* Docket 46-1 at 8–23. Under 28 U.S.C. § 1915A, Wooten cannot serve a defendant until the Court has conducted a screening and determined that the claims against that defendant have survived screening. At this time, claims for Brent Fluke, Natasha Burrough, Addyson Aguirre, Amanda Wortman, and Dr. Brent Lindbloom, have neither undergone nor survived screening. *See* Docket 46-1 at 11, 13, 15, 17, 19; Docket 33 at 28–29.

But Wooten's reliance on Policy No. 1500-03 is misplaced. This policy provides in relevant part:

> Each DOC institution and unit shall designate persons who will accept service of summonses and complaints. A primary and a backup will be identified by the warden at each facility. The persons designated may only accept service for current offenders and DOC employees.[3] If non-DOC employees need to be served (food service contractor, vendor, etc.), the persons designated to accept service for DOC employees can assist by contacting an on-site representative for those entities but may not accept service on their behalf.

*Id.* at 88. Notably, Policy No. 1500-03 provides that "[t]he designated person accepting service may accept service *from the U.S. Marshals, a sheriff's office, or process server.*" *Id.* (emphasis added).

Wooten paid the full civil complaint filing fee and is not proceeding in forma pauperis. Docket 17. Thus, Wooten is not automatically entitled to service by the United States Marshals Service (USMS) pursuant to Federal Rule of Civil Procedure 4(c)(3), and as this Court directed in its screening order, "must arrange for her own service of process" on Wasko, Miller, and Lamb. Docket 33 at 28. Therefore, Policy No. 1500-03 does not apply to Wooten, as she is attempting to personally serve the defendants by delivering the summons to Sergeant Holben.[4]

Because Sergeant Holben is enforcing Policy No. 1500-03 as written by refusing to serve the summons with which Wooten provided him, this Court

---

[3] Wasko is no longer an SDDOC employee. Therefore, Policy No. 1500-03 does not apply to her, and Sergeant Holben is not required to accept service on Wasko's behalf.
[4] If the USMS, a sheriff's office, or process server provided the summons to Sergeant Holben and he refused to serve, that would be a different issue, but that is not the case here.

denies Wooten's motion for assistance with service. However, because it appears that Wooten has made a good faith effort to serve these defendants, the Court grants her until **January 10, 2026**, to serve Miller, Wasko, and Lamb.  Wooten is on notice of this Court's intention to dismiss her claims without prejudice if she does not serve each defendant by January 10, 2026.

**B.    Motion to Compel (Docket 36)**

Wooten filed a motion to compel requesting that the SDDOC defendants add a list of 40 attorneys to her phone list so that she may call these attorneys from the women's prison and attempt to hire one of them. Docket 36. Wooten alleges that the SDDOC defendants' refusal to add these 40 attorneys to her phone list has resulted in "having her access to the Courts directly and indirectly impeded by SDOC Staff at the SDWP." *Id.* at 1.

The United States Court of Appeals for the Eighth Circuit has stated that while inmates may have a right to use the telephone in some instances, "it is a perilous over-generalization" to declare that "[i]nmates have a First Amendment right to communicate with persons outside the prison." *Holloway v. Magness*, 666 F.3d 1076, 1079 (8th Cir. 2012); *see Benzel v. Grammer*, 869 F.2d 1105, 1108–09 (8th Cir. 1989) (stating that a "prisoner has no right to unlimited telephone use[,]" and prison officials may restrict a prisoner's right to use the telephone to communicate with relatives and friends in the face of legitimate security and rehabilitation concerns).  "The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment[.]" *Jones v. N.C. Prisoners' Lab. Union,*

4

*Inc.*, 433 U.S. 119, 125 (1977). "While prisoners retain their constitutional rights, limitations may be placed on the exercise of those rights because of the needs of the penal system." *Kaden v. Slykhuis*, 651 F.3d 966, 968 (8th Cir. 2011) (per curiam). Wooten has not shown why she is unable to write to the attorneys she seeks to hire, or why it is necessary for her to be able to call them. Therefore, her motion to compel, Docket 36, is denied.

      **C.**      **Motion to Appoint Counsel (Docket 45)**

Wooten has filed two motions to appoint counsel. Dockets 9 and 45. When evaluating Wooten's first motion to appoint counsel, this Court considered "the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present [her] claim." Docket 19 at 2 (alteration in original) (quoting *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998)). While noting that a situation may change as litigation progresses, the Court denied Wooten's first motion to appoint counsel because Wooten's filings demonstrated her ability to litigate her claims to the Court. Docket 19 at 3. No material change in circumstances has occurred since Wooten's first motion to appoint counsel, and Wooten's filings continue to demonstrate her ability to litigate her claims. Therefore, Wooten's second motion to appoint counsel, Docket 45, is denied.

      **D.**      **Motion for Preliminary Injunction or Protective Order (Docket 54)**

Wooten filed a motion for preliminary injunction or protective order requesting that the Court enjoin the defendants from "continuing to engage in acts of retaliation against [Wooten], for the Free Exercise of her 1st Amendment

Federal Constitutional Rights to files [sic] grievances, PREA complaints and lawsuits[.]" Docket 54 at 1. Wooten fears that she will be retaliated against by being administratively confined:

> [T]he SDDOC Staff, in conspiracy and concert with the SDDOC GC, WDOC Director and Florida DOC Secretary in order to prejudice [Wooten's] lawsuits and her access to file motions and her access to Legal counsel will attempt to have her placed into Administrative Confinement at some point, and they will states [sic] that they are doing this to protect her from a serious risk of substantial harm-and [Wooten] files this Motion to prevent this Retaliatory Housing potential Future event from happening.

*Id.* at 3. Wooten alleges that she has been placed in administrative confinement twice: first "when she put herself into Protective Custody[,]" and for a second time on May 6, 2025. *Id.* at 2. Wooten does not contend that she is currently in administrative confinement for the purpose of retaliation. *See generally id.*

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of preliminary injunctions and temporary restraining orders.[5] Fed. R. Civ. P. 65. When considering a motion for a temporary restraining order or a preliminary injunction, the Court applies the following factors: (1) the threat of irreparable harm to the movant; (2) the balance between this harm and the injury that granting the injunction will have on other interested parties; (3) the probability of success on the merits; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); *see Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th

---

[5] Wooten's motion is titled "Motion for Preliminary Injuction [sic] or Protective Order[.]" Docket 54 at 1. This Court construes Wooten's motion for a protective order as a motion for a temporary restraining order. *See Scott v. Carpenter*, No. 4:23-CV-04020-RAL, 2023 WL 4249200, at *17 (D.S.D. June 29, 2023).

Cir. 2022) (recognizing that the standard for analyzing a motion for temporary restraining order is the same as the standard for analyzing a motion for preliminary injunction). The purpose of a preliminary injunction is to preserve the status quo until the court "has an opportunity to grant full effective relief." *Tumey*, 27 F.4th at 664. "Requiring the defendant to take affirmative action before the issue has been decided on the merits goes beyond the purpose of a *preliminary* injunction." *Id.* (citation modified).

While no single factor is dispositive, the Eighth Circuit has instructed that "[t]he two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen*, 530 F.2d 204, 206 (8th Cir. 1976) (citation omitted). "A preliminary injunction is an extraordinary remedy[.]" *Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 705 (8th Cir. 2011). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

Here, Wooten alleges that she "will suffer irreparable harm, unless the injunction issues[.]" Docket 54 at 3. Additionally, she alleges that the public interest would be served by granting a preliminary injunction because "[t]he Public Interest is best served when an injunction is <u>issued</u> to protect First Amendment Rights." *Id.* at 4 (emphasis in original). But possible or speculative harm is not sufficient to support a preliminary injunction. *See Gard v. Dooley*,

No. 4:14-CV-04023-LLP, 2014 WL 4243586, at *1 (D.S.D. Aug. 26, 2014). "[I]n the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff*, 60 F.3d at 520 (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). And "for an injunction to issue a right must be violated and the court must determine whether a cognizable danger of future violation exists and that danger must be more than a mere possibility." Id. at 521 (citation modified).

Wooten alleges she is in fear that "the SDDOC, Florida DOC and the WDOC *will attempt in the future* to make False Claims that they have to place her into Administrative Confinement to 'Protect [Wooten] from a serious risk of substantial harm[.]'" Docket 54 at 4 (emphasis added); *see id.* at 3 (Wooten alleges that the defendants "will attempt to have her placed into Administrative Confinement *at some point*" and asserts that she is filing the motion "to prevent this Retaliatory Housing *potential Future event* from happening." (emphasis added)). Because the mere possibility of harm is not sufficient reason to grant preliminary injunctive relief, Wooten's motion for a preliminary injunction or protective order, Docket 54, is denied.

## II.    Conclusion

Thus, it is ORDERED

1.    That Wooten's motion for assistance with service, Docket 46, is

        denied.

8

2.    That the Clerk of Court shall send Wooten three blank summons
forms so that she may arrange for her own service of process on
Wasko, Miller, and Lamb. Wooten must serve Wasko, Miller, and
Lamb by **January 10, 2026**, or her claims against them will be
dismissed without prejudice.

3.    That Wooten's motion to compel, Docket 36, is denied.

4.    That Wooten's motion to appoint counsel, Docket 45, is denied.

5.    That Wooten's motion for a preliminary injunction or protective
order, Docket 54, is denied.

Dated December 11, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*

CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE