UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KARLA WOOTEN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>KELLY[1] WASKO, SDOC Secretary, in individual capacity; NICK LAMB, Secretary of Corrections, in official capacity; and AARON MILLER, Warden, in individual capacity and official capacity,<br><br>　　　　Defendants. | 4:25-CV-04043-CCT<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL** |

　　　　Plaintiff, Karla Wooten, an inmate at the South Dakota Women's Prison, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Although Wooten paid the full $405 civil filing fee, the Court screened Wooten's second amended complaint under 28 U.S.C. § 1915A, directing service in part and dismissing in part. Docket 33. Wooten's First Amendment retaliation claim against Wasko and Miller in their individual capacities for money damages and official capacities for injunctive and declaratory relief survived § 1915A screening. *Id.* at 12, 29. Wooten's Eighth Amendment deliberate indifference to conditions of confinement claim against Wasko and Miller in their official

---

[1] In her complaint, Wooten identified the former Secretary of Corrections as "Kelly Wasko[.]" Docket 1 at 2. The Court notes that the correct spelling of this defendant's first name is Kellie.

capacities[2] for injunctive and declaratory relief also survived screening. *Id.* at 19, 29. To date, none of the defendants have been served. By order dated December 11, 2025, the Court denied Wooten's motion for assistance with service (Docket 46), motion to compel (Docket 36), motion to appoint counsel (Docket 45), and motion for preliminary injunction or protective order (Docket 54). *See* Docket 56. Wooten then filed a "Reply Brief and Notice of Appeal[.]" Docket 61 (capitalization in original omitted). In the reply brief and notice of appeal, Wooten alleges that the undersigned is biased and "has acted as an advocate for the Defendants in this case and as an adversary to the Plaintiff[.]" *Id.* at 1.

## ANALYSIS AND DISCUSSION

Under 28 U.S.C. § 144, a party may seek recusal of a judge by filing a legally sufficient affidavit that demonstrates a personal bias or prejudice of the judge. *United States v. Faul*, 748 F.2d 1204, 1210 (8th Cir. 1984). "An affidavit must strictly comply with all of the statutory requirements before it will effectively disqualify a judge." *United States v. Anderson*, 433 F.2d 856, 859 (8th Cir. 1970). The alleged bias or prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." *Faul*, 748 F.2d at 1211 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).

---

[2] Because Wasko is no longer the Secretary of Corrections, Nick Lamb, Wasko's successor, has been substituted for Wasko on the official capacity claims in accordance with Federal Rule of Civil Procedure 25(d). Docket 56 at 1, n.1.

Even assuming Wooten's reply brief and notice of appeal meets the legal definition of an affidavit, it is factually insufficient. To succeed on a personal bias claim, the movant must allege specific facts, "not mere conclusions or generalities." *See Alexander v. Medtronic, Inc.,* No. 2:12-CV-04104-NKL, 2012 WL 3724052, at *3 (W.D. Mo. Aug. 27, 2012). Wooten, however, does not include any such facts. She alleges "upon information and belief" that the undersigned has "personal, professional and political relationships and friendships with SDOC Employees, the Defendant Prison Officials[,] former SDOC Secretary Kellie Wasko, Aaron Miller, SDOC GC Addyson Aguirre, and their SD Attorney General Marty Jackley[.]" Docket 61 at 2. But Wooten does not allege a single fact to support her allegation. Moreover, the undersigned does not recall ever meeting any of the prison officials Wooten has named or seeks to name as defendants, Aguirre, Wasko, Miller, or Lamb, and does not have any personal, professional, or political relationship with any of them. Not surprisingly, the undersigned is acquainted with Marty Jackley, the South Dakota Attorney General. Attorney General Jackley and the undersigned have been members of the South Dakota bar for more than two decades, but there is no personal, professional, or political relationship that precludes the undersigned from proceeding impartially in this case.

Many of Wooten's unsupported allegations are simply false. For example, the undersigned is not a former prosecutor. *See* Docket 61 at 2. Although the undersigned served as an Assistant United States Attorney in the District of South Dakota, the undersigned worked in the civil division and handled civil

cases. Wooten alleges, without any supporting facts, that the undersigned "was appointed in this case, as special favor to the SDOC GC Adyson [sic] Aguirre and SD Attorney General Marty Jackley[.]" *Id.* at 3. To the contrary, this case was randomly assigned in accordance with the District of South Dakota's standard process for assignment of civil cases.

Although the Court has denied some of the motions Wooten has filed and dismissed in part her complaint under 28 U.S.C. § 1915A, it is well established that an adverse ruling, in and of itself, is an insufficient basis for recusal. As the Supreme Court of the United States has explained:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

*Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). *See also Dossett v. First State Bank*, 399 F.3d 940, 953 (8th Cir. 2005) (stating that adverse judicial rulings almost never constitute a valid basis for recusal). Notably, Wooten does not identify any specific language in any order the undersigned has issued that demonstrates the "hostility, personal animus, and malice" alleged in her reply brief and notice of appeal. *See* Docket 61 at 2. Wooten's reply brief and notice of appeal contains conclusory allegations of bias and prejudice but is devoid of any facts that demonstrate "deep-seated favoritism or antagonism that would make fair judgment impossible." *See*

*Liteky*, 510 U.S. at 555. Thus, to the extent Wooten seeks recusal of the undersigned pursuant to 28 U.S.C. § 144, Wooten's request is denied.

Wooten's reply brief and notice of appeal asserts that recusal is necessary under 28 U.S.C. § 455(b). *See* Docket 61 at 1. The Court disagrees. A judge "shall disqualify [her]self in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Disqualification under § 455(a) uses an objective standard that asks whether all the attendant circumstances would raise doubt in the mind of an "average person on the street who knows all the relevant facts of a case." *United States v. May*, 70 F.4th 1064, 1073 (8th Cir. 2023) (citation omitted). While a judge has a duty to recuse herself when any one of the statutory grounds set forth in § 455(b) exist, a judge also has "a corresponding duty not to do so if cause for recusal has not been shown." *K & F Holdings, Ltd. v. Rouse's Enters. L.L.C.*, Civ. No. 16-293, 2017 U.S. Dist. LEXIS 154463, at *6 (M.D. La. Sept. 21, 2017). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (citation omitted). Where a party "fail[s] to point to any facts establishing that the district judge's impartiality might reasonably be questioned[,]" her motion to recuse should be denied. *May*, 70 F.4th at 1073.

As the Eighth Circuit has held, "[t]he recusal statute does not provide a vehicle for parties to shop among judges. . . .[or] require recusal every time a

5

judge commits a procedural error or departs from protocol in some way." *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 839 F.2d 1296, 1302 (8th Cir. 1988). In short, the question "is not whether the trial judge committed errors, but whether these errors create a reasonable inference that the [c]ourt has lost its impartiality. This question must be answered '. . . in light of the full record, not simply in light of an isolated incident.' " *Id.* (quoting *In re Federal Skywalk Cases,* 680 F.2d 1175, 1184 (8th Cir. 1982)).

      Wooten asserts that she has "filed Judicial Misconduct Complaints and Judicial Disqualification complaints in September and October 2025" that "for some odd reason were never processed." Docket 61 at 2. According to Wooten, she refiled those complaints in December of 2025. *Id.* Courts routinely hold that similar allegations do not warrant recusal. *See, e.g., In re Winslow*, 107 B.R. 752, 753 (D. Colo. 1989) (finding that a party's filing of a complaint with the governing Judicial Council against the presiding district judge is not sufficient basis for disqualifying the judge from further hearing matters involving the case). Generally, a party cannot force recusal of a judge by suing the judge or by filing a judicial complaint. *Cooper v. Blum Collins, LLP*, No. 3:22-CV-00124-DCLC-JEM, 2023 WL 3687373, at *2 (E.D. Tenn. May 26, 2023); *see also In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1265 (11th Cir. 2009) ("The mere filing of a complaint of judicial misconduct is not grounds for recusal."); *In re Mann,* 229 F.3d 657, 658 (7th Cir. 2000) (holding that the filing of a judicial misconduct complaint does not require a judge to recuse herself); *Woodruff v. McLane,* No. 7:04-CV-96, 2006 WL 3436045, at *1 (M.D. Ga. Nov.

29, 2006) ("Just as litigants should not be allowed to force a particular judge off a case by suing or threatening to sue the judge, neither should litigants be allowed to force a judge off a case by filing a judicial complaint.").

The Eighth Circuit had held that a litigant's writings criticizing or personally attacking a judge do not necessarily require recusal. *See, e.g., Akins v. Knight*, 863 F.3d 1084, 1087 (8th Cir. 2017) (per curiam). Mandating recusal "any time a litigant has been critical of a judge would create perverse incentives and enable judge shopping." *Id. See also Rodgers v. Knight*, 781 F.3d 932, 943 (8th Cir. 2015) (holding that the fact that a party's counsel previously filed a judicial complaint against the judge in previous, unrelated litigation is "insufficient to establish that the judge's impartiality in this matter might be reasonably questioned."); *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam) (recognizing that recusal under 28 U.S.C. § 144 or § 455(a) is not warranted because the movant has sued or threatened to sue the judge).

Here, Wooten has not met her burden of demonstrating that the undersigned's impartiality in this action might reasonably be questioned. Accordingly, it is ORDERED that to the extent Wooten's reply brief and notice of appeal, Docket 61, seeks recusal, Wooten's request is denied.

Dated December 31, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE