UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KARLA WOOTEN, <br><br> Plaintiff, <br><br> vs. <br><br> KELLY[1] WASKO, SDOC Secretary, in individual capacity; NICK LAMB, Secretary of Corrections, in official capacity; and AARON MILLER, Warden, in individual capacity and official capacity, <br><br> Defendants. | 4:25-CV-04043-CCT <br><br> **ORDER OF DISMISSAL WITHOUT PREJUDICE UNDER RULE 4(m)** |

Plaintiff, Karla Wooten, an inmate at the South Dakota Women's Prison, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Wooten moved for leave to proceed in forma pauperis and submitted a prisoner trust account report. Dockets 6, 7. But after Wooten paid the full $405 civil filing fee, the Court denied her motion for leave to proceed in forma pauperis as moot. Docket 17. In accordance with 42 U.S.C. § 1915A, this Court screened Wooten's second amended complaint. Docket 33. Wooten's First Amendment retaliation claim against Kellie Wasko and Aaron Miller in their individual capacities for money damages and official capacities for injunctive and declaratory relief survived § 1915A screening. *Id.* at 11–12, 29. Wooten's Eighth

---

[1] In her complaint, Wooten identified the former Secretary of Corrections as "Kelly Wasko[.]" Docket 1 at 2. The Court notes that the correct spelling of this defendant's first name is Kellie.

Amendment deliberate indifference to conditions of confinement claim against Wasko and Miller in their official capacities for injunctive and declaratory relief also survived § 1915A screening. *Id.* at 17–19, 29. Because Wasko is no longer the Secretary of Corrections, in accordance with Federal Rule of Civil Procedure 25(d), Nick Lamb, Wasko's successor as the Secretary of Corrections, was substituted for Wasko on the official capacity claims. Docket 56 at 1 n.1.

Wooten paid the full civil complaint filing fee and is not proceeding in forma pauperis. Docket 17. Thus, Wooten is not automatically entitled to service by the United States Marshal Service (USMS) pursuant to Federal Rule of Civil Procedure 4(c)(3). In the § 1915A screening order, the Court directed that Wooten "must arrange for service of process" on Wasko, Miller, and Lamb. Docket 33 at 28. The Court also notified Wooten of the Court's intent "to dismiss her claims without prejudice if she does not serve each defendant by **ninety days from the date of this Court's screening order**, pursuant to Rule 4(m), unless she can show good cause for her failure to serve the respective defendant." *Id.* (emphasis in original). The § 1915A screening order was entered on August 13, 2025, *id.* at 30, but the Court sua sponte extended Wooten's time until January 10, 2026, to serve Miller, Wasko, and Lamb when the Court denied her motion for assistance with service. Docket 56 at 3–4. The docket does not reflect that Miller, Wasko, or Lamb have been properly served, and Wooten has not submitted a motion to extend her time to serve these defendants or any filing demonstrating good cause for her failure to do so. Thus, in accordance with Federal Rule of Civil Procedure 4(m), Wooten's claims

2

against Miller, Wasko, and Lamb set forth in the second amended complaint, Docket 8, are dismissed without prejudice.

After the Court screened the operative complaint, Wooten's second amended complaint, Docket 8, Wooten filed a document she labeled as an amended complaint. Docket 42. The "amended complaint" is dated September 26, 2025, and it appears that Wooten initially filed the document with the Eighth Circuit. *Id.* at 1, 8; Docket 42-1. Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1). In the fall of 2025, Wooten did not have the right to file an amended complaint as a matter of course because she had already amended her initial complaint as a matter of course before the Court issued its § 1915A screening order. *See* Docket 3; Docket 8; Docket 33 at 1. Thus, Federal Rule of Civil Procedure 15(a)(2) requires that Wooten obtain leave of court or written consent from the opposing parties before filing another amended complaint. Fed. R. Civ. P. 15(a)(2). Wooten did neither. Thus, her amended complaint, Docket 42, has no legal effect.[2] *Wright v. Farmers Home Admin.*, No. 2:24-CV-00228-KGB, 2026 WL 1075151, at *2 (E.D. Ark. Jan. 22, 2026) (stating that an

---

[2] In the alternative, to the extent Wooten's amended complaint, Docket 42, should be construed as a motion for leave to file an amended complaint, the motion is denied without prejudice as moot because all the pending claims in the operative pleading, Docket 8, have been dismissed under Rule 4(m). It is not consistent with the "just, speedy, and inexpensive determination" of this action for the Court to permit Wooten, without any demonstration of good cause, to attempt to further extend the time to serve the original defendants by repeatedly moving to add claims and defendants. *See* Fed. R. Civ P. 1. For the same reasons, Wooten's motion for leave to file an amended complaint (or a supplemental complaint), Docket 49, is denied as moot. If Wooten chooses to pursue some or all the claims set out in Docket 42 or Docket 49, she may do so, but she must commence a separate lawsuit.

3

amended complaint filed without leave of court or permission from the opposing parties has no legal effect on the plaintiff's pending claims in the case). *See also* 6 *Wright & Miller's Federal Practice & Procedure* § 1484 (3d ed. 2026) ("if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval.").

Subsequently, Wooten filed a motion for leave to file an amended complaint, Docket 49, although it appears that the motion should be construed as a motion for leave to file a supplemental complaint as the proposed "amended complaint" includes allegations related to matters that occurred after Wooten commenced this action. Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see also United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977) (per curiam) ("[a] supplemental pleading [] is designed to cover matters subsequently occurring but pertaining to the original cause." (citation omitted)). Wooten's motion to amend and/or supplement the complaint, Docket 49, is denied without prejudice as moot because all the pending claims in the operative complaint, Docket 8, have been dismissed under Rule 4(m).

Accordingly, it is ORDERED:

4

1. That this action is dismissed without prejudice under Federal Rule of Civil Procedure 4(m).

2. That Wooten's motion to amend complaint, Docket 49, is denied without prejudice as moot because all the pending claims in the operative complaint, Docket 8, have been dismissed under Rule 4(m).

3. That Wooten's motion in limine, Docket 51, is denied as moot.

4. That Wooten's motion for preliminary injunction, Docket 58, is denied as moot.

Dated June 4, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*

CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE